Weigreffe v. Daw.

## Theodore Weigreffe
### v.
## John J. Daw.

*Master and Servant—Negligence of Master—Defective Machinery— Helper—Absence of—Personal Injuries—Assumption of Risk—Evidence.*

1. In an action brought by a servant to recover for a personal injury alleged to have occurred through the negligent failure of his employer to furnish him with a helper to assist in the use of a circular saw, this court holds, in view of the evidence, that the judgment for the plaintiff can not stand.

2. It seems that where machinery is not defective, and there is a difference of opinion between an employer and employe touching the safety of operating it in a given manner, and the latter, while contending it to be unsafe, remains at work, by so doing he assumes all risk of injury that may arise therefrom.

[Opinion filed September 11, 1891.]

Appeal from the City Court of East St. Louis, Illinois; the Hon. B. H. Canby, Judge, presiding.

Mr. L. H. Hite, for appellant.

Mr. A. R. TAYLOR and JESSE M. FREELS, for appellee.

SAMPLE, J.   The declaration filed in this case alleges that the appellee was employed by appellant to saw plank timbers, by pushing them through a circular saw furnished by appellant; that while in the performance of that duty, with due care, his two forefingers of the right hand were 'cut off and his hand otherwise injured by being drawn upon said saw. That said saw and appliance for cutting timbers at said time were in a defective condition and unfit for the use to which applied; that the saw was located about the middle of a table that was eight feet long; that at the time of the injury he was required by appellant to cut with said saw heavy pine boards about fourteen feet long, twelve inches wide and one and three-fourths inches thick without any helper; that on account of the length of the boards, a sawyer could not safely cut them, without a helper to catch the boards as they went through the saw; that appellant well knew of said defective and unfit condition of said saw and appliance before the injury, yet he assured the appellee that he could safely do the work without a helper and refused to supply one; that while so engaged and without notice of said defects, owing to the unfit condition of said saw and appliance and the appellant's negligence in failing to furnish a helper, appellee was injured as aforesaid, whereby he has become permanently disabled, etc.   The issue was made upon a plea of not guilty, trial had before a jury, which found for appellee, and judgment entered on the verdict after overruling a motion for new trial.   The usual errors are assigned, with the additional one that the court erred in refusing to give an instruction for appellant, directing the jury to find a verdict in his favor.   This case has been solely argued on the evidence, with a waiver as to errors of law, if any.

After careful examination of this record the conclusion reached is, that there is no evidence that the saw or appliance was in an unfit or defective condition at the time of the injury. The appellee testified that there was nothing wrong with the saw that amounted to anything, but that it was the weight of

Weigreffe v. Daw.

the board that caused the injury. The case, therefore, must be considered as resting solely on the charge of the alleged failure to furnish a helper, and the law applicable thereto. The effect of the evidence given on behalf of appellee on this point is, that a helper was necessary; that it was dangerous to operate the saw with that heavy timber without help; that appellee requested such assistance and was told to do, or that he could do the work without it, and thus encouraged he concluded to rely upon the judgment and experience of the appellant and take the risk. The effect of the evidence given on behalf of appellant is, that he was not asked to furnish a helper; that it was not customary or necessary to have assistance in order to operate the saw with safety, if proper care was used, and that the appellee did not have to shove, but might have gone to the other end and pulled or guided the timber through the saw. In these respective views as to the danger both parties were corroborated, the appellant quite as strong as the appellee. If it is conceded that a helper was asked for by appellee because he seriously considered that his work was hazardous, and that the appellant declined to furnish help because, in his best judgment in the light of his experience, it was not necessary, and further, if it is conceded that if assistance had been furnished in this particular case the appellee would not have been injured, does it necessarily, as a matter of law, follow that the appellant is liable? The basis of this action is negligence, which has been defined by a high authority to be "the omission to do something which a reasonable man, guided by those considerations which ordinarily regulate the conduct of human affairs, would do."

In a case like this, where it appears that both parties were equally honest in their respective views and equally sustained by the opinion of others, where there was no coercion other than that which might be supposed to arise from their relations, because in a particular instance it is determined that one is mistaken, can negligence and a civil liability be predicated upon the mistake? To say that appellant must have known that if he had furnished a helper no accident could have happened, is not an answer. That would have been the

*safest* course to pursue, and an accident would have been *least* liable to have occurred; but that would be grading duty along a superlative line of action, which is not the measure of responsibility in such cases.

It is far above the standard of obligation established by our legal definition of negligence, which is a question of law (101 Ill. 93), and a question of fact merely as to whether a particular case is brought within it by the evidence. 106 Ill. 220.

The vital question then is, does the evidence bring the case within that definition? All the evidence bearing on the question now under consideration as to whether or not a helper was necessary is expert evidence, except that as to whether or not appellant declined to furnish appellee a helper. No one who has had experience in that kind of evidence, but has been impressed with the wide divergence of opinion as to the probable result of certain conditions. In such a case as this, where the proprietor is conceded to be a man of practical experience in his line of business and alone responsible for its proper and successful administration, there must necessarily be left some room for the exercise of his honest and independent judgment as to its management, without thereby imperiling his estate, even if some persons in his establishment, after an accident occurs, shall differ from him.

. This case is not analogous to that upon which so many authorities have been cited, *of defective machinery,* and notwithstanding such condition the employe is urged by the employer that he can safely proceed with it, but it is a case as to the mode of proceeding with machinery that was not defective, where, as to the mode or way of safely operating it, there was an honest difference of opinion between the employer and employe.

It can not be, after such difference of opinion has manifested itself, that the employer thereafter becomes an insurer of the employe against an accident, even if it should occur through a mistaken judgment of the employer, where the employe voluntarily continues at such work. In such case it would seem that the hazard, if any, thereafter would be incident to the employe's service, which he voluntarily assumes.

There is another view of this case bearing on the question of the exercise of care on the part of appellee at the time of the injury. A helper, as explained by him, would have taken the board or timber that was being cut, at the other end, or so balanced it, that he, appellee, would not have had to force it through the saw. The evidence of Kemp and Salz, which is not contradicted, tends strongly to show that a sawyer, when he finds lumber too long or heavy to handle safely in the usual way, can readily go to the other end and pull, instead of push it through. They testify that this is a practical way to avoid injury, and that while the work can not be done so rapidly, yet it can be properly done in that way. If this was a practical way to have avoided the injury the appellee should have followed that course. Looking at this case from any point of view, it is not considered that the appellee has shown a cause of action. The judgment is therefore reversed, and the cause remanded.

·*Reversed and remanded.*